ALEXANDER W. MOCARSKI *v.* UNITED SERVICES AUTOMOBILE ASSOCIATION
(2388)
(3515)

DUPONT, C.P.J., HULL and DALY, Js.

Argued November 9, 1984—decision released February 12, 1985

*Carl S. Back,* for the appellant (plaintiff).

*Peter D. Clark,* for the appellee (defendant).

DALY, J. Two cases involving the same motor vehicle accident have been combined in this appeal.[1]

The arbitrator found the following factual situation in accordance with the stipulation of the parties. On November 16, 1975, the plaintiff's automobile collided with an uninsured vehicle. The plaintiff was insured by the defendant under an automobile policy effective from July 15, 1975, to July 15, 1976. The terms of said policy which relate to uninsured motorist coverage provide that if the claimant and the company do not agree as to the amount of payment which may be owing under the uninsured motorist portion of the insurance policy, then, upon written demand of either the claimant or the insurance company, the matter or matters upon which the claimant and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Rule four of the American Arbitration Association's accident claims arbitration rules provides that arbitration may be initiated by filing a written demand for arbitration.

The plaintiff filed a demand for arbitration dated November 17, 1981, which was received by the American Arbitration Association on November 18, 1981.[2] The issues stipulated to by the parties related to when the right of action accrued, timely demand and estoppel. The arbitrator concluded that the right of action under the uninsured motorist provisions of the policy accrued as of the date of the accident. General Statutes § 52-576 (a) provides that "[n]o action . . . on any contract in writing, shall be brought but within six years

---

[1] These appeals, originally filed in the Supreme Court, were transferred to this court. General Statutes § 51-199 (c).

[2] Prior to filing the demand for arbitration, the plaintiff had served on the defendant, on September 30, 1981, an application for an order to proceed with arbitration. A hearing was scheduled on this application for October 30, 1981. Prior to October 30, the parties voluntarily agreed to submit to an arbitration, and that hearing was cancelled. The trial court thereafter denied the application on December 20, 1982.

after the right of action accrues . . . ." This action was not brought within six years and the plaintiff failed to sustain his burden of proof regarding the tolling of the statute of limitations on the basis of estoppel.

The plaintiff filed an application to vacate the arbitration award which the court denied. The plaintiff's appeal from said denial is the subject of the first appeal (Docket No. 2388). The plaintiff is also appealing from the court's denial of his application for an order to proceed with arbitration (Docket No. 3515).

The plaintiff claims that the trial court erred (1) in finding that the plaintiff did not meet his burden of proof to vacate the arbitration award, pursuant to General Statutes § 52-418, (2) in finding that the arbitration proceeding was barred by the statute of limitations set forth in General Statutes § 52-576, (3) in its interpretation of General Statutes § 52-576 as to when a cause of action accrues for an uninsured motorist claim and when an action is properly brought under that section, (4) in finding that the plaintiff's claim of estoppel was without merit, (5) in applying *Krupa* v. *Kelley,* 5 Conn. Cir. Ct. 127, 245 A.2d 886 (1968), to the present case and (6) in denying the application for an order to proceed with arbitration.

Arbitration is a contractual remedy designed to expedite, in an informal context, the resolution of disputes. "We have always respected the autonomy of the arbitration process and have often said that an arbitration award will be disturbed only where it clearly falls within the proscriptions of General Statutes § 52-418."[3] (Citations omitted.) *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 682, 427 A.2d 859 (1980).

---

[3] General Statutes § 52-418 provides in part: "VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order

"The right to review of the award exists only by statute. Thus, if evidence is to be received at all by the trial court, it is to be evidence tending to prove that the award is impeachable under any of the grounds set out in § 52-418." Id. The plaintiff makes no claim that the award was procured by corruption or fraud, that the arbitrator acted out of partiality or by corruption, or that the arbitrator wrongfully refused to postpone the hearing or to receive evidence. See General Statutes § 52-418 (a) (1) through (3). Therefore, under the facts of this case, the only issue properly raised is whether the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. General Statutes § 52-418 (a) (4). "Every reasonable presumption and intendment will be made in favor of the award and, hence, the burden rests upon the plaintiffs to produce evidence sufficient to invalidate or avoid it." *Milford Employees Assn.* v. *Milford,* supra, 683.

To determine whether the arbitrator exceeded his authority, we look to the submission to see if it conforms to the award. It is apparent that it clearly does so. Id. The submission was in accord with the provisions of General Statutes § 38-175c (a) relating to uninsured motorist coverage, which provides in part: "Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. . . ."

vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

Section 38-175c (a) clearly mandates not only the inclusion of a provision for uninsured motorist coverage in automobile liability insurance policies, but that coverage under such provisions be determined through arbitration when the policy provides that the parties will arbitrate. *Oliva* v. *Aetna Casualty & Surety Co.,* 181 Conn. 37, 41, 434 A.2d 304 (1980). The expressed intent and effect of the aforementioned provision of § 38-175c (a) "is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration." Id., 42.

Accordingly, the arbitrator's award is final and binding and cannot be reviewed for errors of law or fact. *Milford Employees Assn.* v. *Milford,* supra, 683. "The parties freely bargained for the remedy of arbitration in the event of a dispute of this nature. Having done so, they are bound by the decision lawfully rendered." Id., 684.

In view of the above, we find no error in the trial court's refusal to vacate the arbitration award or in its refusal to compel arbitration of the matter.

There is no error on either appeal.

In this opinion the other judges concurred.