## CITY OF NEW HAVEN *v.* AFSCME, COUNCIL 15, LOCAL 530
## (4667)

HULL, BORDEN and DALY, Js.

Argued November 13—decision released December 30, 1986

*Glenn E. Coe,* with whom, on the brief, was *Barry Zitser,* for the appellant (plaintiff).

*Frank J. Raccio,* for the appellee (defendant).

DALY, J. This is an appeal by the plaintiff city from the trial court's refusal to vacate an arbitration award

rendered in favor of a member of the defendant union. The plaintiff claims that the arbitrators exceeded their powers by applying a standard of proof greater than a fair preponderance of the evidence. Further, the plaintiff argues that the application of such a standard denied it a fair hearing.

The New Haven chief of police instituted disciplinary proceedings against Officer Philip Beamon of the New Haven police department as a result of an incident in which Beamon, while working a fixed extra security duty at a housing complex, became embroiled in a scuffle with one John Franklin, which resulted in the arrest of Franklin. With help from another officer, Beamon placed Franklin in the rear seat of a patrol car. When Franklin continued to cause a commotion, Beamon struck the window of the patrol car with enough force to shatter the window and cause physical injury to Franklin. After a hearing by the New Haven board of police commissioners, Beamon was suspended, reduced in pay grade and placed on probation. Pursuant to the collective bargaining agreement between the plaintiff and the defendant, the matter was submitted to the state board of mediation and arbitration (the board).[1]

The issue submitted was as follows: "Was the six (6) month suspension, reduction in pay grade and probationary period imposed upon Officer P. Beamon for just cause? If not, what shall the remedy be?" The board concluded that just cause for the disciplinary measures taken was lacking and ordered restoration of all lost wages and benefits. In arriving at this conclusion, the board used a "sufficient evidence or clear and convincing" standard of proof. The plaintiff applied to the Superior Court for an order vacating the award pursuant to General Statutes § 52-418. The plaintiff

---

[1] The collective bargaining agreement was not made part of the record.

claimed that the arbitrators exceeded their powers since under the parties' collective bargaining agreement only a fair preponderance of the evidence was necessary. The trial court denied the application to vacate the award and this appeal followed.

Arbitration is created by means of the collective bargaining agreement, a contract which by its terms defines the powers of the arbitrators. *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 341, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985). In addition, our Supreme Court has repeatedly held that "courts should view with suspicion any attempt to persuade them to entangle themselves in the construction and interpretation of the substantive provisions of collective bargaining agreements. . . . Therefore, in deciding whether arbitrators have 'exceeded their powers,' as that phrase is used in § 52-418 (d), a court need only examine the submission and the award and determine whether the award conforms to the submission." (Citation omitted.) *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 403–404, 407 A.2d 1013 (1979); see also *Caldor, Inc.* v. *Thornton,* supra, 340; *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983); *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584, 440 A.2d 774 (1981); *Hartford* v. *Local 760,* 6 Conn. App. 11, 13, 502 A.2d 429 (1986). If the submission is unrestricted the trial court will refrain from reviewing the arbitrators' legal conclusions. *Bic Pen Corporation* v. *Local No. 134,* supra, 584; see also *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 135, 376 A.2d 1105 (1977). Every reasonable presumption is made in favor of upholding the arbitrators' award. Thus, the party challenging the award as exceeding the limits stated in the submission, carries the burden of proving such nonconformance. *Board of Education* v. *AFSCME,* 195 Conn. 266, 271, 487 A.2d

553 (1985); *Hartford* v. *Local 760,* supra, 13; *Mocarski* v. *United Services Auto Assn.,* 3 Conn. App. 250, 253, 487 A.2d 206 (1985).

The parties in this case voluntarily submitted the issue to arbitration, and the submission did not restrict the arbitrators to a specific standard of proof nor did it contain any other conditions or limits. Thus, it was an "unrestricted submission." *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 214, 470 A.2d 1219 (1984).

Judicial rulings in Connecticut and elsewhere generally have not reviewed the procedural or substantive merits of an arbitrated decision. *General Drivers Local No. 120* v. *Sears, Roebuck & Co.,* 535 F.2d 1072, 1076 (8th Cir. 1976). Here, we are faced with a challenge to the standard of proof utilized by a panel of arbitrators. "Because collective bargaining agreements are generally silent on procedural matters such as rules of evidence, an arbitration panel must be vested with the inherent authority to make procedural rulings. Otherwise, the national policy favoring arbitration of collective bargaining grievances would be frustrated. Supposedly 'final' arbitration decisions would be relitigated . . . ." Id., citing *United Steel Workers of America* v. *Enterprise Wheel & Car Corporation,* 363 U.S. 593, 596–97, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960). In addition, arbitral application of a "clear and convincing" standard is not unique in labor relations. *General Drivers Local No. 120* v. *Sears, Roebuck & Co.,* supra, 1076. As has been done before, we are obliged to recognize that arbitration proceedings are sui generis. *Amalgamated Meat Cutters & Butcher Workmen of North America, Local 540* v. *Neuhoff Bros. Packers, Inc.,* 481 F.2d 817, 820 (5th Cir. 1973). Thus, they must be reviewed in the context of the arbitration system.

The terms of the award in this case tracked the language of the parties' submission and were clearly in conformance therewith. The unrestricted submission did not limit the arbitrators to a specific standard of proof. Thus, we conclude that the trial court did not err.

As to the plaintiff's claim that the application of a higher standard of proof than that which the plaintiff anticipated deprived it of a fair hearing and was a denial of due process, this issue was not raised in the trial court and therefore will not be considered on appeal. Practice Book § 4185 (formerly 3063); *New Haven Savings Bank* v. *Valley Investors,* 174 Conn. 77, 83, 384 A.2d 321 (1977).

There is no error.

In this opinion the other judges concurred.