[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On April 2, 1991, plaintiff, The Metropolitan District Commission ("MDC") filed an application to vacate an arbitration award dated March 8, 1991 in the matter of MDC and Local 184, Council #4 AFSCME, AFL-CIO ("AFSCME"). The issue submitted to the arbitrator for expedited arbitration pursuant to Board Rule31-91-51 was as follows:
 Did the MDC violate the Collective Bargaining Agreement or the past Practice when it changed the Health Maintenance Insurance coverage through ConnectiCare on October 1, 1989?
If so, what shall be the remedy?
Hearings were held on December 20, 1990. On March 8, 1991, Arbitrator Linda Blenner Johnson made the following award:
 After an indepth analysis of all the evidence as presented at the Arbitration proceedings, the Arbitrator is persuaded that the District and its provider ConnectiCare did violate the contract with CT Page 1924 regard to the change in prescription co-pay status from no cost to three dollars. The Arbitrator finds that the District had an obligation to provide adequate notice to the employees of the pending change in co-pay status. The District is to reimburse any employee upon documented proof of his/her expense for the prescription cost retroactively to October 1, 1989.
See Exhibit B to Application to Vacate.
The MDC in its brief in support of its motion to vacate filed on June 17, 1991 raises two issues:
A. The arbitrator exceeded her authority under the collective bargaining agreement.
B. The award is unsupported by the record and clear error.
On August 14, 1991, AFSCME filed a brief in opposition to the application to vacate and an application to confirm the award.
The AFSCME raises four issues:
 A. The standard of review of arbitration awards is narrow.
 B. The arbitrator's award is in compliance with the authority granted by the parties.
 C. The arbitrator did not exceed her authority under the collective bargaining agreement.
 D. If the award is vacated even in part, it should be remanded back to the arbitrator.
DISCUSSION
"Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is eliminated by the terms of the parties' agreement and by the provisions of General Statutes52-418." American Universal Insurance co. v. DelGreco, CT Page 1925205 Conn. 178, 185, 530 A.2d 171 (1987). "Any challenge to an award on the ground that the arbitrator exceeded his power is, therefore, properly limited to a comparison of the award with the submission." Id. 186.
 The arbitrator's authority is not measured or limited by previous grievances, prior discussions between the parties, or contract interpretation or language. "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrator's decision of the legal questions involved. (Citations omitted.)"
BIC Pen Corp. v. Local No. 134, 183 Conn. 579, 584, 440 A.2d 774
(1981). "The authority of an arbirator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Garrity v. McCaskey, 223 Conn. 1, 5,612 A.2d 742 (1992) (Citations omitted.)
In the present case, the arbitration clause provides in pertinent part:
 The arbitration panel shall decide only one (1) grievance. The decision of the panel shall be final and binding as provided by law. The panel shall be bound by, and must apply the terms of this agreement, and shall have no power to add to, subtract from, or in any way modify the provisions of this agreement.
Exhibit A to Application to Vacate, Collective Bargaining Agreement, Article 18.6a. A grievance for purposes of Article 18 is defined as "[a]ny unresolved dispute between an employee and/or the Union and the District involving the interpretation or application of the terms of this agreement." Id., Article 18.1. CT Page 1926
Since the agreement does not contain conditional language, the submission is unrestricted.
 Even in the case of an unrestricted submission we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; (citation omitted.); (2) the award violates clear public policy; (citation omitted.); or (3) the award contravenes one or more of the statutory proscriptions of 52-418. (Citations omitted.)
Garrity, supra, 6.
Application to Vacate
Plaintiff argues that the arbitrator exceeded her authority under the collective bargaining agreement by creating contract language in violation of the submission. The plaintiff also argues that the award is unsupported by the record in that the contract is silent on the issue of alternative medical insurance.
The arbitrator's award is in conformance with the submission in that it answers the specific issue presented regarding interpretation of the contract. This is not a case where the arbitrator: (1) rules on the constitutionality of a statute; (2) violated public policy; or (3) contravened General Statutes 52-418.1.
The crux of plaintiff's application to vacate is that the arbitrator misconstrued the contract. This ground is insufficient to rise to the level of the arbitrator having exceeded her authority.
The trial court may not substitute its interpretation of a contract for that of the arbitrator. Board of Education v. Hartford Federation of Teachers, Local 1018, 24 Conn. App. 757,592 A.2d 821 (1991), citing Hartford v. IAFF, Local 760, AFL-CIO, CLC, 24 Conn. App. 254, 258, 587 A.2d 435 (1991).
 "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the CT Page 1927 arbitrators was erroneous."
Watertown Police Union Local 541 v. Watertown, 210 Conn. 333,339, 555 A.2d 406 (1989). "Having bargained for the decision of the arbitrator on the question . . . the parties are bound by it, even if it be regarded as unwise or wrong on the merits." Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207, 214,470 A.2d 1219 (1984). (Citations omitted.)
 "[O]ur Supreme Court has repeatedly held that `courts should view with suspicion any attempt to persuade them to entangle themselves in the construction and interpretation of the substantive provisions of collective bargaining agreements . . . . Therefore, in deciding whether arbitrators have `exceeded their powers, as the phrase is used in 52-418(d), a court need only examine the submission and the award and determine whether the award conforms to the submission.' (Citations omitted.)"
New Haven v. AFSCME, Council 15, Local 530, 9 Conn. App. 396,398, 519 A.2d 93 (1986).
This is not a case where the arbitrator unreasonably exercised her contractual discretion, which may have resulted in setting aside the award pursuant to 52-418(a)(4) as stated in dicta by the Garrity court, supra, 11-12. The arbitrator could have reasonably found that the ConnectiCare insurance was governed by article 10.1a which provides in pertinent part:
 "10.1 The District agrees to maintain, in full force and effect, on the present basis and without cost to the employee the following insurance benefits for all employees covered by this agreement.
 a. Connecticut Blue Cross Blue Shield — semi-private Plan Benefits, including dependent student coverage, plus Semi-private Maternity Rider plus Century Contract plus Home and office Rider plus Prescription Rider for each employee and their family.
 f. The District reserves the right to substitute alternative coverage for the Blue cross and Blue Shield plans indicated under this section provided that this alternative coverage is substantially equal to or better CT Page 1928 than the current coverage. If a change of carriers is made, the amount that an employee is contributing shall not be increased for the duration of this agreement. The Union will be notified thirty (30) days prior to any change. It is also agreed that any dispute concerning this section may be grieved starting at step III of the grievance procedure. Both parties agree to an expedited arbitration scheduling.
(Emphasis added.) Exhibit A to Application to vacate, Collective Bargaining Agreement, Article 10.
Therefore, the court denies the application to vacate and confirms the award.
Dunn, J.