KEITH SAAD *v.* COLONIAL PENN INSURANCE COMPANY
(11231)

FOTI, LANDAU and SCHALLER, Js.

Argued March 31—decision released July 27, 1993

*Daniel P. Scapellati,* with whom, on the brief, were *John W. Lemega* and *Elizabeth A. Curtis,* for the appellant (defendant).

*Michael E. Wolf,* for the appellee (plaintiff).

LANDAU, J. This is an appeal by the defendant, Colonial Penn Insurance Company (Colonial), from the granting by the trial court of a motion to compel arbitration and an order prohibiting discovery proceedings. The sole issue is whether, in light of the plaintiff's agreement to submit to the examination under oath, this appeal is now moot. We hold that it is moot.

After sustaining injuries in an automobile accident on June 3, 1989, the plaintiff, Keith Saad, submitted a claim for underinsured motorist benefits under a policy of insurance issued by Colonial. Colonial submitted interrogatories to Saad on July 26, 1991, and, on January 9, 1992, notified Saad of its intention to examine him under oath. At that time, Saad informed Colonial that he was willing to provide to Colonial a signed statement under oath but refused to be questioned under oath in the presence of a court reporter. This action triggered the filing of an application pursuant to General Statutes § 52-410[1] to compel arbitration.

---

[1] General Statutes § 52-410 (a) provides: "A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or,

Colonial filed an amended answer and in its special defenses asserted that as a result of the plaintiff's refusal to submit to an examination under oath in accordance with the provisions of the policy, the plaintiff was in breach of the policy terms and conditions for applicable coverage for the loss. Colonial further alleged that the refusal to comply with the examination under oath constituted a refusal to proceed with arbitration in accordance with the policy and as provided in General Statutes § 52-410. Following a hearing, the trial court precluded Colonial from taking depositions, citing *Thompson* v. *USAA Casualty Ins. Co.*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 27-81-59 (January 17, 1991). This appeal ensued.

After appeal briefs were filed by both parties, Saad indicated to Colonial, by telephone and in writing, that he "will submit to the taking of a statement under oath as allegedly required by his policy."[2] The plaintiff filed a motion to dismiss the appeal, which was granted by this court on December 3, 1992. Colonial indicated that it "had no intention of taking [the plaintiff's] exami-

when the court is not in session, to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law."

[2] At oral argument, the plaintiff again offered to make himself available under oath. We express no opinion as to whether this is a condition precedent to coverage under this policy. "[General Statutes § 38a-336 (c)] clearly mandates not only the inclusion of a provision for uninsured motorist coverage in automobile liability insurance policies, but that coverage under such provisions be determined through arbitration when the policy provides that the parties will arbitrate. *Oliva* v. *Aetna Casualty & Surety Co.*, 181 Conn. 37, 41, 434 A.2d 304 (1980). The expressed intent and effect of the aforementioned provision of [§ 38a-336 (c)] is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration. Id., 42." (Internal quotation marks omitted.) *Mocarski* v. *United Services Automobile Assn.*, 3 Conn. App. 250, 254, 487 A.2d 206 (1985).

nation under oath'' and further contended that this appeal was not moot because ''[u]nless and until the Appellate Court reverses [the trial court's] decision, we maintain that we cannot proceed to an arbitration and argue that as a result of [the plaintiff's] breach of the proof of claim provisions contained in the Colonial Penn policy he has forfeited his coverage.'' Colonial then filed a motion for reconsideration of our dismissal of appeal. This court granted that motion and, on February 3, 1993, vacated our prior order dismissing the appeal.

''The existence of an actual controversy is an essential jurisdictional prerequisite. . . . It is not the province of our courts to decide moot questions, the determination of which cannot result in the granting of actual or practical relief. . . . In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions on points of law.'' (Citations omitted.) *Fromer* v. *Tree Warden,* 26 Conn. App. 599, 600, 602 A.2d 1060 (1992).

In light of the respondent's continuing offer to submit to an examination and because nothing in the trial court's decision can be interpreted to affect the issue of coverage to be decided in the upcoming arbitration proceeding, there is no actual controversy.

The appeal is dismissed.

In this opinion the other judges concurred.