******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HINE BUILDERS, LLC *v.* ALEX
GLASSCOCK ET AL.
(AC 46298)

Moll, Cradle and Bear, Js.

*Syllabus*

The plaintiff filed an application to compel arbitration pursuant to an agreement entered into by the parties. Following a remote status conference, the trial court issued an order directing the parties to commence arbitration within thirty days, and the defendants appealed to this court. The trial court granted the plaintiff's motion to terminate the automatic appellate stay pursuant to the rules of practice (§ 61-11), and the defendants did not file a motion for review of that decision. During oral argument before this court, the parties represented that arbitration proceedings were ongoing, including, inter alia, that a demand for arbitration had been filed and acknowledged and that an answer, counterclaim and special defenses had been filed, but shared the position that the appeal was not moot. *Held* that the appeal was dismissed as it had been rendered moot and, therefore, this court lacked subject matter jurisdiction to entertain the defendants' claims; when the arbitration proceedings commenced following the termination of the appellate stay, there was no practical relief that this court could afford the defendants because the trial court's judgment from which they appealed, ordering the parties to commence arbitration proceedings, had been executed and could not now be undone.

Argued November 7, 2023—officially released March 12, 2024

*Procedural History*

Application to compel arbitration, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. Taggart D. Adams*, judge trial referee, rendered judgment granting the plaintiff's application, from which the defendants appealed to this court; thereafter, the court, *Hon. Taggart D. Adams*, judge trial referee, granted the plaintiff's motion to terminate the automatic appellate stay. *Appeal dismissed.*

*Arash Beral*, pro hac vice, with whom was *Alina Levi*, for the appellants (defendants).

*Scott T. Garosshen*, with whom were *William S. Wilson II*, and, on the brief, *Linda L. Morkan* and *Ileana Polanco-Cavazos*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendants, Alex Glasscock and Susan Glasscock, appeal from the judgment of the trial court granting the application to compel arbitration filed by the plaintiff, Hine Builders, LLC. On appeal, the defendants claim that the court (1) committed plain error in granting the application to compel arbitration (a) following a remote status conference that was not transcribed or recorded by a court reporter or court recording monitor and (b) without providing the parties with an opportunity to brief the issues in connection with the application, (2) failed to review an agreement executed by the parties, pursuant to which the plaintiff sought to compel arbitration, before granting the application, and (3) improperly granted the application when the prerequisites to arbitration, as set forth in the parties' agreement, had not been satisfied. We do not reach the merits of the defendants' claims because, during the pendency of this appeal and following the termination of the appellate stay, arbitration proceedings commenced as ordered by the trial court, and, accordingly, we dismiss this appeal as moot.

The following procedural history is relevant to our resolution of this appeal. In January, 2023, the plaintiff filed with the Superior Court an application for an order to compel arbitration pursuant to the parties' agreement.[1] See General Statutes § 52-410.[2] On February 7, 2023, the defendants filed an answer. On February 14, 2023, following a remote status conference, the trial court, *Hon. Taggart D. Adams*, judge trial referee, issued an order directing "the parties to commence arbitration within [thirty] days."[3] On March 2, 2023, the defendants filed this appeal.

On March 14, 2023, pursuant to Practice Book § 61-11 (d) and (e), the plaintiff filed a motion to terminate the automatic appellate stay of § 61-11 (a)[4] (motion to terminate stay). On March 21, 2023, the defendants filed an opposition to the motion to terminate stay. On August 16, 2023, following a hearing held on May 8, 2023,[5] the court granted the motion to terminate stay. The defendants did not file a motion for review of the August 16, 2023 decision. See Practice Book § 61-14.[6]

On November 1, 2023, prior to oral argument, we ordered, sua sponte, the parties' respective counsel to "be prepared to address at oral argument whether the trial court's August 16, 2023 granting of the plaintiff-appellee's motion to terminate appellate stay, and/or any subsequent activity occurring on the basis thereof, render moot the appeal." During oral argument before this court on November 7, 2023, the parties' respective counsel (1) represented that arbitration proceedings were ongoing and (2) shared the position that this appeal was not moot. Thereafter, on November 15, 2023, we ordered, sua sponte, the parties to file supplemental

briefs further addressing whether this appeal has been rendered moot following the grant of the motion to terminate stay.[7] On November 30, 2023, the parties filed supplemental briefs in accordance with our order.

In their respective supplemental briefs, the parties maintain that this appeal has not been rendered moot following the commencement of the arbitration proceedings, which, per their representations, remain ongoing.[8] The defendants argue that this court "still has the ability to grant 'practical relief,' which would effectively suspend the arbitration and require the parties to exhaust their [alternative dispute resolution] remedies under the governing contract documents."[9] The plaintiff argues that the commencement of the arbitration proceedings did not render this appeal moot, reasoning that "implementing the [trial court's] February 14, 2023 order [compelling arbitration] while the appeal is pending preserves [the] [d]efendants' ability to obtain effective relief on appeal because they can raise nonarbitrability in a motion to vacate whatever arbitration award is made." (Internal quotation marks omitted.) The plaintiff further argues that this appeal would become moot if either (1) the arbitrator enters an award or (2) the defendants "subject themselves to a default award in the arbitration," as, in either scenario, the arbitration proceedings will have been completed. Notwithstanding the parties' current, mutual stance that this appeal is not moot, we conclude that this appeal is moot and that, therefore, we lack subject matter jurisdiction to entertain the defendants' claims.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Internal quotation marks omitted.) *Brookstone Homes, LLC* v. *Merco Holdings, LLC*, 208 Conn. App. 789, 798–99, 266 A.3d 921 (2021).

We conclude that this appeal has been rendered moot by the commencement of the arbitration proceedings

following the termination of the appellate stay. In granting the plaintiff's application to compel arbitration, the court ordered the parties *to commence* arbitration proceedings. After the court's grant of the motion to terminate stay, of which decision the defendants did not seek appellate review by filing a motion for review, the parties moved forward with arbitration proceedings. Simply put, there is no practical relief that we may afford the defendants because the court's judgment from which they have appealed—ordering the parties *to commence* arbitration proceedings—has been executed and cannot now be undone.[10]

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The parties do not dispute that (1) on January 18, 2022, they executed "a written agreement . . . for the plaintiff to provide certain demolition, renovation and site improvements at a residence owned by the defendants . . . in Norwalk," and (2) the agreement contains various provisions concerning arbitration.

[2] General Statutes § 52-410 provides in relevant part: "(a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law. . . .

"(c) The parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day, and the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay, and shall either grant the order or deny the application, according to the rights of the parties."

[3] On March 21, 2023, in response to a Practice Book § 64-1 notice filed by the defendants, the court issued a memorandum of decision as to its February 14, 2023 judgment. The court stated in relevant part that "[t]he defendants . . . admit there was an agreement with the plaintiff . . . to arbitrate or mediate disputes between them. At the status conference this court ordered the parties to arbitrate their dispute, and this memorandum serves as the written record and order to that effect."

[4] "It is axiomatic that, with limited exceptions, an appellate stay of execution arises from the time a judgment is rendered until the time to file an appeal has expired. Practice Book § 61-11 (a). If an appeal is filed, any appellate stay of execution in place during the pendency of the appeal period continues until there is a final disposition of the appeal or the stay is terminated. Practice Book § 61-11 (a) and (e)." (Internal quotation marks omitted.) *Wachovia Mortgage, FSB* v. *Toczek*, 189 Conn. App. 812, 816 n.3, 209 A.3d 725, cert. denied, 333 Conn. 914, 216 A.3d 650 (2019).

[5] At the conclusion of the May 8, 2023 hearing, the court ordered the parties to file supplemental briefs further addressing the issues attendant to the motion to terminate stay. The parties filed their respective supplemental briefs on May 18, 2023.

[6] Practice Book § 61-14 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6. Execution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. Any stay of proceedings that was in effect during the pendency of the motion for review shall continue, unless the court having appellate jurisdiction rules otherwise, until the time for filing a motion for reconsideration under Section 71-5 has expired. If such a timely motion for reconsideration is filed, any stay that was in effect shall continue until its disposition and, if it is granted, until the matter is finally determined. . . ."

[7] The supplemental briefing order provided: "The parties are hereby ordered, sua sponte, to file simultaneous supplemental briefs, of no more than 2000 words, on or before December 1, 2023, addressing whether the trial court's August 16, 2023 granting of the plaintiff-appellee's motion to terminate appellate stay, and/or any subsequent activity occurring on the basis thereof, render the appeal moot. In such supplemental briefs, the parties are also ordered, inter alia, to set forth the following information: 1. the date of the claimant's demand for arbitration; 2. the date of the letter or email from the American Arbitration Association (AAA) notifying the parties that the case had been filed; and 3. the date, if filed, of the respondent's answer to the claimant's demand for arbitration, or, if not filed, the date that such answer currently is due."

[8] Specifically, the parties represent that (1) on September 7, 2023, the plaintiff filed a demand for arbitration with the American Arbitration Association (AAA), (2) on September 13, 2023, AAA acknowledged the plaintiff's filing, and (3) on October 10, 2023, the defendants filed an answer accompanied by a counterclaim, as well as, according to the plaintiff, special defenses. The plaintiff further represents, inter alia, that, on October 30, 2023, AAA selected an arbitrator, to whom the defendants did not object, and "[t]he next step is the initial scheduling conference between the parties and the arbitrator. At that conference, the arbitrator also will consider [the] [d]efendants' argument that the matter cannot yet be arbitrated. On November 27, [the] [d]efendants asked AAA to delay that conference." The defendants further represent, inter alia, that "[i]n the arbitration, the arbitrator's appointment is still being considered and subject to potential objections, and no hearings have been scheduled. Essentially, nothing meaningful has transpired in the arbitration and the parties are still in the pleading stage."

[9] Notably, in their opposition to the motion to terminate stay, during the May 8, 2023 hearing on the motion, and in their supplemental brief filed with the trial court; see footnote 5 of this opinion; the defendants took the position that terminating the stay would render this appeal moot.

[10] None of the substantive case law cited in the parties' respective supplemental briefs filed with this court advances the position that this appeal is not moot. See *MSO, LLC* v. *DeSimone*, 313 Conn. 54, 59–60 n.6, 94 A.3d 1189 (2014) (appeal from this court's judgment affirming trial court's decision to stay action pending arbitration not rendered moot on account of arbitration judgment rendered in defendants' favor); *Private Healthcare Systems, Inc.* v. *Torres*, 278 Conn. 291, 300–302, 898 A.2d 768 (2006) (appeal from this court's judgment reversing trial court's judgment vacating arbitration award that reinstated defendant, a surgeon, to roster of plaintiff's preferred provider network rendered moot following defendant's resignation from network); *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, 192 Conn. App. 245, 250–51, 217 A.3d 996 (2019) (appeal from trial court's judgment dismissing plaintiff's application to vacate arbitration award and granting defendants' application to confirm arbitration award not rendered moot as result of plaintiff's failure to file opposition to defendants' application to confirm and to address application to confirm on appeal), aff'd, 338 Conn. 651, 258 A.3d 1244 (2021); *Saad* v. *Colonial Penn Ins. Co.*, 32 Conn. App. 190, 193, 628 A.2d 623 (1993) (appeal from trial court's judgment granting motion to compel arbitration and prohibiting discovery proceedings rendered moot in light of plaintiff's agreement to submit to examination under oath "and because nothing in the trial court's decision can be interpreted to affect the issue of coverage to be decided in the upcoming arbitration proceeding").