MARTIN WOLF *v.* HARRY GOULD
(4501)

HARRY GOULD *v.* MARTIN WOLF
(4502)

BORDEN, DALY and BIELUCH, Js.

Argued January 6—decision released March 31, 1987

*Robert M. Wechler,* with whom, on the brief, was *Michael J. Barbarula,* for the appellant (defendant in the first case and plaintiff in the second case).

*Robert A. Slavitt,* for the appellee (plaintiff in the first case and defendant in the second case).

BORDEN, J. In these combined appeals, Harry Gould appeals from the trial court's judgment denying his application to vacate an arbitration award and granting, in part, Martin Wolf's application to confirm the award. Gould claims that the trial court erred in confirming the award because the arbitrator exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made, in violation of General Statutes § 52-418 (a) (4). More specifically, he claims that the trial court erred by rendering an award that (1) did not conform to the submission as narrowed by the arbitrator, (2) was against public policy, and (3) was rendered more than thirty days after completion of the hearing in violation of General Statutes § 52-416 (a). We find no error.

The trial court found the following facts. Harry Gould, Robert Fain and Martin Wolf entered into a joint venture agreement known as Park Mead Associates to purchase, own, develop and sell an apartment complex in New Canaan, Connecticut. The agreement provided that Fain and Wolf were to be referred to collectively as the "Wolf" interest and would share the profits equally with Gould, who was referred to as the "Gould" interest. Gould, therefore, owned 50 percent of the joint venture, and Wolf and Fain owned the remaining 50 percent. The agreement further provided that Gould was to manage the joint venture.

The agreement contained an arbitration clause which provided, in part, that "[i]f any dispute arises between Gould and Wolf, it shall be settled by arbitration . . . ." Pursuant to this provision, on March 12, 1984, Wolf filed a demand for arbitration.[1] By letter dated April 16, 1984, Wolf sought to amend the original demand for arbitration and recited the following allegations: Gould was to receive a return of all his advances as loans together with interest, plus the first $500,000 of the profits, and the Wolf interest was to receive the next $500,000. Fain defaulted on certain obligations owing to Wolf, and Wolf took the position that the Fain interest had been forfeited to him. Gould, without Wolf's knowledge or consent, advanced $100,000 to Fain. Gould claimed that Wolf was entitled only to $250,000, and that the remaining $250,000 must be placed in escrow for the benefit of Fain. Wolf sought to include, in relevant part, the following submissions: "2. May Gould unilaterally refuse to transmit the next $500,000 of proceeds to Wolf? 3. May Gould attempt to impose his own will upon any dispute which may or may not exist between Fain and Wolf with respect to the ownership of the 'Wolf' fifty percent interest?"

A hearing was held before an arbitrator. Both Gould and Wolf were represented by counsel. Fain, however, did not participate in the proceedings. On March 22, 1985, the arbitrator made his award, which provided, in relevant part: "2. Claimant's demand that the respondent, Harry Gould is incorrectly claiming an excessive partnership interest is correct. As between the parties, Martin Wolf is entitled to one-half of the Park Mead Partnership. Harry Gould is entitled to the remaining one-half of the Park Mead Partnership. Harry Gould is to account to Martin Wolf for one-half of the Park Mead Partnership profits and make payments to Martin

---

[1] The subject matter of this initial demand for arbitration is not in dispute.

Wolf in accordance therewith. . . . This award is in full and final settlement of all claims submitted to this arbitration."

On April 2, 1985, by letter, Wolf requested that the award be amended to answer specifically the questions propounded in the letter of April 16, 1984. The arbitrator responded by letter dated June 6, 1985 as follows: "The award made in the above referenced case was intended to provide to the complainant the relief requested. In this connection then, the questions asked on page 2 of the complainants letter of April 16, 1984, would be answered . . . Numbers 2 and 3 in the negative." Wolf thereafter applied to the Superior Court, pursuant to General Statutes § 52-417[2] for an order confirming the arbitration award. Concomitantly, Gould applied to the court, pursuant to General Statutes § 52-418 (a) (4),[3] for an order vacating the award. The trial court rejected Gould's claims and confirmed the award. Gould appeals from the judgment denying his application to vacate the award and granting Wolf's application to confirm it.

---

[2] General Statutes § 54-417 provides: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[3] General Statutes § 52-418 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

Arbitration is favored by courts as a means of settling differences and expediting the resolution of disputes. *Trumbull* v. *Trumbull Police Local 1745*, 1 Conn. App. 207, 211, 470 A.2d 1219 (1984). "There is no question that arbitration awards are generally upheld and that we give great deference to an arbitrator's decisions since arbitration is favored as a means of settling disputes. *Board of Education* v. *AFSCME*, 195 Conn. 266, 270, 487 A.2d 553 (1985); *Trumbull* v. *Trumbull Police Local 1745*, [supra, 211–12]." *Hartford* v. *Local 760*, 6 Conn. App. 11, 13, 502 A.2d 429 (1986). "The limited scope of judicial review of awards is clearly the law in Connecticut." *Local 530, AFSCME, Council 15* v. *New Haven,* 9 Conn. App. 260, 265, 518 A.2d 941 (1986).

Judicial review of an arbitration award is limited in its scope by the provisions of General Statutes § 52-418. See footnote 2, supra. " ' "[T]he court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 . . . ." ' " *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.,* 5 Conn. App. 61, 64, 496 A.2d 539 (1985). It is axiomatic in this jurisdiction that any challenge to an award based on General Statutes § 52-418 (a) (4), on the ground that the arbitrator exceeded his powers or imperfectly executed them is limited to a comparison of the award with the submission. *Masters* v. *Masters,* 201 Conn. 50, 70, 513 A.2d 104 (1986). *New Haven* v. *AFSCME, Council 15, Local 530,* 9 Conn. App. 396, 398, 519 A.2d 93 (1986); *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.,* supra, 65; *Trumbull* v. *Trumbull Police Local 1745,* supra, 212. In order to determine whether an arbitrator has exceeded his authority, the reviewing court must examine the submission together with the award and decide whether the award conforms to the submission. *New Haven* v. *AFSCME, Council 15,*

*Local 530,* supra, 398; *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.,* supra, 64, *Trumbull* v. *Trumbull Police Local 1745,* supra, 212. Because every reasonable presumption is made in favor of upholding the arbitrator's award, the party challenging the award as exceeding the limits stated in the submission, carries the burden of proving such nonconformity. *New Haven* v. *AFSCME, Council 15, Local 530,* supra, 398.

Gould claims first that the arbitrator narrowed the scope of the submission during the arbitration proceeding to a determination of who had the right to hold the Fain interest as opposed to who had the right to ownership of the interest.[4] He argues that since the award determined ownership, it did not conform to the submission and, therefore, the arbitrators exceeded their powers in violation of General Statutes § 52-418 (a) (4). We disagree.

We first note that it is doubtful that an arbitrator can ever narrow the scope of the submission at the urging of one party to the dispute during the proceedings. The parties to the arbitration have the burden of framing the submission; *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 62, 357 A.2d 466 (1975); and if one party is unhappy with the initial claim, it can file responses to the submission. Gould did not file any responses to Wolf's submission and, therefore, it was before the arbitrator unqualified.

The source of the arbitrator's authority is found in the submission. *Local 63, Textile Workers Union* v. *Cheney Bros.,* 141 Conn. 606, 613, 109 A.2d 240 (1954),

---

[4] Gould points to the following language by the arbitrator in support of his claim: "That's absolutely correct. The ownership question is not between the panel as to Mr. Fain's interest. The only question is who has the right to hold the money. Mr. Wold [sic] or Mr. Gould. Or who has the better right to hold the money if neither of them gave the right. That's something we haven't seen any evidence on yet."

cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). " '[N]o matter outside the submission may be included in the award. . . . *Pratt, Read & Co.* v. *United Furniture Workers,* 136 Conn. 205, 208, 7 A.2d 120 [1949]." (Citations omitted.) *Local 63, Textile Workers Union* v. *Cheney Bros.,* supra. It would appear, therefore, that because the submission establishes the arbitrator's charter; id.; it can neither be expanded nor limited by him.

Even if we assume, however, that an arbitrator could narrow the scope of the submission during the proceedings, that did not occur in this case. While there are some confusing comments; see footnote 4, supra, it is nonetheless apparent that the arbitrator fully intended to adjudicate all issues between Wolf and Gould, including who was entitled to Fain's portion of the "Wolf" interest as between them. The arbitrator stated: "I have not changed my point of view on the matter from the beginning. My point of view is that we have the power and the obligation under this proceeding to decide everything to do with this contract between these parties. They are arbitrating that contract pursuant to the arbitration clause in that contract and as between these two parties, we have the full power and obligation to decide all issues between those two parties." This perception of his task is consistent with the powers delegated to him under the joint venture agreement. Further, we note that the arbitrator's comments on the issue of "ownership" of the Fain interest may reflect no more than solicitude for the absent party's right to claim an ownership interest at some other point against the prevailing party. We repeat, however, that the arbitrator understood his mission to involve a determination of the ownership of the Fain interest as between Wolf and Gould.

Gould next claims that the arbitrator exceeded his power by rendering an award that contravened public

policy because it violated his due process rights. Gould appears to mount a two-pronged attack. He first claims that he was not given fair notice, in violation of his due process rights, of the issue before the arbitrator, namely, that the ownership of the "Fain" interest was to be resolved. Our conclusion on his first claim of error is dispositive of this claim as well, since we concluded that the arbitrator did not limit the submission presented in the April 16, 1984 letter to determine who has the right to "hold" the Fain interest as opposed to who has the right to own it. Gould was aware of the scope of the submission, and while he may have misconstrued isolated remarks by the arbitrator, he was not deprived of fair notice of the issues to be resolved.

Gould also claims that due process was violated by the failure to have all parties who may be affected by a decision before the tribunal. Gould appears to be raising the due process rights of Fain, who was not a party to the proceeding. Gould does not have standing to raise Fain's rights. *Trumbull* v. *Trumbull Police Local 1745,* supra, 217.[5]

Gould's final claim[6] is that the court erred in confirming the March 22, 1985 award because it failed to comply with the time provisions of General Statutes § 52-416 (a). That statute provides in relevant part: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitra-

---

[5] While Gould is bound by the arbitrator's decision preventing him from interfering with the dispersal of the "Wolf" interest to Wolf, any defense that Fain may have against Wolf for an accounting of the interest involves questions separate from the dispute submitted to and decided by the arbitrators. The award does not determine Fain's rights. See *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 217 n.15, 470 A.2d 1219 (1984).

[6] Gould appears to make an additional claim that the awards of March 22, 1985 and June 9, 1983, were inconsistent and irreconcilable. This claim was not raised in the trial court on his action to vacate and therefore will not be considered on appeal. *New Haven* v. *AFSCME, Council 15, Local 530,* 9 Conn. App. 396, 400, 519 A.2d 93 (1987).

tor . . . shall render the award within thirty days from the date the hearing or hearings are completed . . . . An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing." We acknowledge that, absent a written extension or ratification, an arbitrator would lack the power to enter an award more than thirty days after the completion of the hearing. *Carr* v. *Trotta,* 7 Conn. App. 272, 275, 508 A.2d 799 (1986). We disagree, however, with Gould's assertion that the award in this matter was untimely.

The parties have stipulated that the March 22, 1985 award was timely.[7] By letter dated April 2, 1985, Wolf requested that the arbitrator directly respond in the affirmative or negative to each question posed in the amended submission. By letter dated June 6, 1985, the arbitrator responded, in pertinent part, as follows: "Number 2 and 3 in the negative." Gould now contends that the March 22, 1985 award was not "mutual, final and definite" since it did not address the questions presented in the submission. He points to Wolf's request for an amended award as proof of the nonconformity of the March 22, 1985 award. Since the attempt to clarify the March 22, 1985 award did not occur until June 6, 1985, more than thirty days after the hearing, Gould claims it was void under General Statutes § 52-416 (a).

The crux of Gould's claim appears to be that the March 22, 1985 award did not conform to the submission since it did not affirmatively address the questions posed. Only if the award did not conform to the submission would it be necessary to amend it. An award, however, need not specifically answer the submissions.

---

[7] The trial court memorandum does not reveal the date the hearings were completed.

*International Union* v. *Fafnir Bearing Co.*, 151 Conn. 650, 652, 201 A.2d 656 (1964). An award must, nonetheless, be sufficiently clear and definite by its own terms; id.; if it conforms to the submission it meets this requirement. We conclude that the March 22, 1985 award conformed to the submission and was, therefore, clear and definite with respect to the second and third submissions. The submission set forth with reasonable clarity the gist of the questions to be arbitrated, namely, who is entitled to the fifty percent "Wolf" interest as between Wolf and Gould, and whether Gould could interfere with the distribution of the "Wolf" interest. The award provided that Wolf was entitled to one-half of the Park Mead partnership and Gould was entitled to the other half. Further, it concluded that Gould was improperly claiming an excessive interest, and was to account to Wolf for one-half of the profits and make payments accordingly. Our conclusion that the award conformed to the submission undermines Gould's claim that the amended award was necessary to cure the defect and was itself untimely. The amended award simply provided formal answers to the submissions, but those answers were clearly contemplated by the original award. We hold, as did the trial court, that they were not necessary to perfect the initial award. The trial court did not err when it denied Gould's application to vacate and granted Wolf's application to confirm.

There is no error on either appeal.

In this opinion the other judges concurred.