LILLIAN FRAUND ET AL. *v.* DESIGN IDEAS, INC.

DESIGN IDEAS, INC. *v.* ALWIN K. FRAUND ET AL.
(6421)

SPALLONE, DALY and FOTI, Js.

Argued November 7, 1988—decision released January 3, 1989

*Robin Edwards Otto,* with whom, on the brief, was *Donald A. Mitchell,* for the appellant (defendant in the first case, plaintiff in the second case).

*James J. Farrell,* for the appellee (plaintiffs in the first case, defendants in the second case).

DALY, J. The defendant in the first case, Design Ideas, Inc., appeals from the judgment of the trial court granting, in part, the plaintiffs' application to confirm an arbitration award and denying the defendant's application to vacate that arbitration award.[1] The defendant claims that the trial court erred in confirming the award because the arbitrator exceeded his powers, in that he employed improper procedures and failed to conform to the agreement of submission. We find no error.

The following facts are relevant to this appeal. On or about May 3, 1984,[2] the parties entered into an

---

[1] Both applications were consolidated by the trial court.

[2] The contract was signed on May 2, 1984, by Alwin K. Fraund and on May 3, 1984, by the defendant.

agreement providing that the defendant would prepare a scale model and interior design plan for a home to be constructed by the plaintiffs in New Canaan. The agreement provided that all disputes arising under the agreement would be subject to binding arbitration under the rules and auspices of the American Arbitration Association (AAA). Pursuant to the agreement, the plaintiffs filed a demand for arbitration. The parties later executed a general submission to have the dispute decided by the AAA under the commercial arbitration rules.

Hearings were conducted on October 16, 1986, November 20, 1986, and January 13, 1987. The parties had until February 16, 1987, to file written briefs with the arbitrator. On March 17, 1987, the arbitrator awarded the plaintiffs $21,130 and ordered the return of a deposit made by the plaintiffs to a carpet company.

Subsequent to the award, the plaintiffs filed an application with the Superior Court for an order confirming the award; General Statutes § 52-417;[3] and the defendant filed an application with the court to vacate or correct the award. General Statutes §§ 52-418, 52-419.[4] These matters were heard by the trial court in a single proceeding. The trial court denied the appli-

[3] General Statutes § 52-417 provides: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[4] General Statutes § 52-418 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects:  . . .  (4) if the arbitrators have

cation to vacate, but corrected the award by excluding the order requiring the return of the deposit held by the carpet company. The court confirmed the balance of the award to the plaintiffs.

The defendant claims that the arbitrator engaged in improper conduct and procedures by receiving evidence after the termination of the final hearing. The defendant also claims that the award exceeded the general submission executed by the parties.

" 'Arbitration is favored by courts as a means of settling differences and expediting the resolution of disputes.' *Wolf* v. *Gould,* 10 Conn. App. 292, 296, 522 A.2d 1240 (1987). 'There is no question that arbitration awards are generally upheld and that we give great deference to an arbitrator's decision since arbitration is favored as a means of settling disputes.' *Hartford* v. *Local 760,* 6 Conn. App. 11, 13, 502 A.2d 429 (1986). 'The party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it "falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement" will the determination of an arbitrator be subject to judicial

exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

General Statutes § 52-419 provides: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy.

"(b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

inquiry.' *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 145–46, 523 A.2d 1271 (1987)." *Vincent Buildings, Inc.* v. *American Application Systems, Inc.,* 16 Conn. App. 486, 488, 547 A.2d 1381 (1988). "It is axiomatic in this jurisdiction that any challenge to an award based on General Statutes § 52-418 (a) (4), on the ground that the arbitrator exceeded his powers . . . is limited to a comparison of the award with the submission." *Wolf* v. *Gould,* supra, 296. Our review on appeal is limited to an examination of the submission and the award; we then determine whether the award conforms to the submission. Id.

The trial court found that all of the parties had signed the submission to the arbitration board. The issue submitted was: "[C]laim by Alwin K. and Lillian L. Fraund, and counterclaims by Design Ideas, Inc., arising out of [a] written agreement dated May 2 and May 3, 1984." The court further found that the award conformed to the submission, except with respect to the deposit held by the carpet company. The court modified the award accordingly.

The scope of the matter to be considered by the arbitrator is limited by the submission. *Board of Police Commissioners* v. *Maher,* 171 Conn. 613, 621, 370 A.2d 1076 (1976). "The submission defines the scope of the entire arbitration proceeding by delineating the issues to be decided." *Naugatuck* v. *AFSCME,* 190 Conn. 323, 326, 460 A.2d 1285 (1983). The issue submitted was simply the claim and counterclaims arising out of the written agreement between the parties. The trial court did not err in confirming the award, as the modified award clearly conformed to the parties' submission. Moreover, the trial court did not err in confirming the award despite the claim that the arbitrator engaged in improper conduct by receiving evidence after the close of the hearings, in violation of the AAA

rules. The court found that both parties, and not just the plaintiffs, had submitted posthearing evidence to the arbitrator as part of their respective briefs. The court also found that the parties agreed to conduct the arbitration under the commercial arbitration rules of the AAA. The court concluded that, because the defendant agreed to be bound by those rules, which included Rule 38,[5] and the defendant failed to object to the submission of the evidence, the defendant had waived its right to object. Under these circumstances, the trial court did not err in finding that the defendant had waived any objection to the posthearing submission of evidence.

There is no error.

In this opinion the other judges concurred.

[5] Rule 38 of the commercial arbitration rules of the American Arbitration Association provides: "WAIVER OF RULES. Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state objection thereto in writing, shall be deemed to have waived the right to object."