[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff George Setlin, claiming "evident partiality" on the part of the arbitration panel, seeks an order vacating the arbiters decision of January 24, 1994.
This case involves the narrow issue of whether an arbitration award should be vacated on the ground of "evident partiality" of an CT Page 8661 arbitrator.
"Arbitration is favored by courts as a means of settling differences and expediting the resolution of disputes." Wolf v.Gould, 10 Conn. App. 292, 296 (1987). Arbitration awards are generally upheld, unless a party challenging the award "produces evidence sufficient to invalidate or avoid it, and only upon a showing that it `falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement' will the determination of an arbitrator be subject to judicial inquiry." O G/O'Connell Joint Venture v. Chase Family LimitedPartnership No. 3, 203 Conn. 133, 145-146 (1987).
General Statutes § 52-418(a) provides in pertinent part:
 "Upon the application of any party to an arbitration, the superior court . . . or . . . any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
Actions that have been found to constitute arbitral "misconduct" included the following: participation in ex parte communications with a party or a witness; ex parte receipt of evidence as to a material fact, without notice to a party; holding hearings or conducting deliberations in the absence of a member of an arbitration panel, or rendering an award without consulting a panel member; undertaking an independent investigation into a material matter after the close of hearings and without notice to the parties; and accepting gifts or other hospitality from a party during the proceedings. O G/O'Connell v. Chase Family LimitedPartnership No. 3, 203 Conn. 133, 146-147 (1987). An award may CT Page 8662 likewise be set aside on the basis of procedural error if, for instance, "the panel arbitrarily denies a reasonable request for postponement of a hearing; or commits an egregious evidentiary error, such as refusing to hear material evidence or precluding a party's efforts to develop a full record. Id. at 147.
In the present case, we must determine whether the arbitrators tainted the integrity of the arbitration process by misconduct. Plaintiff claims that "evident partiality" exists because "the arbitrators were talking amongst themselves, often during testimony, both about unrelated topics of mutual personal interest and specific prejudicial remarks about me. . . ." Plaintiff's Brief, at 7-9. In Vincent Builders, Inc. v. American Application Systems,Inc., 16 Conn. 486, 493-4 (1988), the plaintiff alleged bias on the part of the arbitrators based upon alleged disparaging comments from that arbitrator, directed at the plaintiff. Although there was evidence of a "personality conflict" between the allegedly biased arbitrator and the plaintiff, the trial court found that the evidence presented by the plaintiff concerning the claim of bias was inconclusive. Although there is evidence that plaintiff Setlin and the arbitrators had a "personality conflict," this alone is insufficient to carry plaintiff's burden of proving partiality.
Plaintiff also claims that the length of time necessary to complete the arbitration process is evidence of partiality. In fact, the panel would be guilty of misconduct in refusing to postpone a hearing upon sufficient cause shown. C.G.S. § 52-418. The fact that the arbitrators granted several postponements does not amount to "evident partiality."
The admissibility of an offer of Judgment also seems to be in dispute. The document was filed by counsel for the plaintiff Setlin and signed by George Setlin personally. The plaintiff claims that the admission of this document is evidence of partiality on the part of the arbitrators. However, the plaintiff fails to show how the admission of this document supports a claim of arbitral misconduct.
"Absent a showing of `perverse misconstruction or positive misconduct' . . . the determination of the arbitrator is not subject to judicial inquiry." Schwarzschild v. Martin, 191 Conn. 316, 327
(1993). Although the plaintiff has presented a plethora of grounds for the vacation of the arbitrators' award, the court remains unpersuaded of the existence of any of the defects which would require vacation of the award pursuant to General Statutes § 52-418. CT Page 8663 Accordingly, the court finds that there is no basis for vacating the decision of the arbitrators on this claim.
By the court,
Kevin E. Booth, Judge