[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant's Motion to Vacate Arbitration Award dated May 4, 1994, is denied.
The court finds that plaintiff has failed to bear its burden of proving that any one of the four conditions set out in General Statutes § 52-418 exist given the facts of this case.Greater Bridgeport Transit Dist. v. Amalgamated Transit Union,Local 1336, 28 Conn. App. 337, 341 (1992).
The submission to the panel was unrestricted.Garrity v. McCaskey, 223 Conn. 1, 5 (1992). Town of East Hartfordv. East Hartford Municipal Employees Union, Inc.,206 Conn. 643, 654 (1988). Plaintiff's witness, Susan Rosenthal, testified that the submission to the panel was, "Is this matter arbitrable." The panel's award conformed to this submission. CT Page 8957
Laidlaw gave timely notice of its intention to take the position that the grievance was an improper subject for arbitration, pursuant to General Statutes § 31-97(b). This section does not require the notifying party to set out, in detail and with precision, its arguments in support of its claim of non-arbitrability. The court will not read such language into an unambiguous statute when it is not there, Point O'WoodsAss'n, Inc. v. Zoning Board of Appeals, 178 Conn. 364, 366
(1979), see also Wiegand v. Heffernan, 170 Conn. 567, 581
(1976), although cases such as the instant one suggest that this is an issue which might benefit from the legislature's attention.
The witnesses who testified at the August 1, 1994, hearing differed on the subject of whether Laidlaw had raised the issue of the union's admittedly late filing of its arbitration request at the panel's hearing. Plaintiff's witnesses said they believed that this topic had not been raised. Teddi Barra's testimony is susceptible to a different interpretation, and permits, while it does not compel, the conclusion that the issue of the union's late filing of its arbitration request was in fact raised. No transcript of the underlying hearing was produced.
Plaintiff produced no evidence at the August 1 hearing that Laidlaw had ever waived the 30 arbitration rule in writing.
See also Fraund v. Design Ideas, Inc., 17 Conn. App. 280,284-85 (1989).
For the above reasons, Defendant's Motion to Vacate is denied. The award of the panel is confirmed.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT