[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS MOTION TO CONFIRM ARBITRATIONAWARD AND DEFENDANTS MOTION FOR MODIFICATION AND CORRECTION OFARBITRATION AWARD
On December 29, 1992, by memorandum of decision on plaintiff's motion for order granting application to appoint an arbitrator and to compel arbitration and plaintiff's motion for order pendente lite, this court ordered the defendant, William C. Spicer, III, to submit to arbitration to resolve disputes which had arisen between the defendant and the plaintiff, Nancy P. Spicer, executrix of the estate of John M. Spicer. The defendant appealed the order to the Appellate Court, which affirmed the order. Spicer v. Spicer, 33 Conn. App. 152; cert. denied CT Page 11681228 Conn. 920 (1994).
Pursuant to the order and upon the agreement of the parties, this court appointed Mark E. Block as arbitrator. The arbitrator conducted a fourteen day hearing and on March 31, 1995, issued an arbitration award (Exhibit A) ordering the defendant to pay to the plaintiff the sum of $2,837,606.13.
The plaintiff has moved to confirm the arbitration award pursuant to General Statutes § 52-417 and the defendant has moved to modify or correct the arbitration award pursuant to General Statutes § 52-419. These motions are now before the court.
In its previous decision in this case, the court made the following findings of fact. The defendant and the decedent, John M. Spicer, the defendant's brother, operated various businesses in Groton and Noank, Connecticut, through a partnership and a corporation. On November 30, 1983, the defendant and the decedent executed a buy/sell agreement (the "agreement") detailing provisions for the transfer of the assets of their partnership and corporation in the event of the death or disability of either party. The agreement also included provisions covering the sale of interests of the parties in the partnership and corporation during their lifetimes. The agreement included the following arbitration clause:
 In the event there is any disagreement between the Owners hereto as to the value of the businesses, or in any other matter connected with this Agreement, it shall be settled by arbitration.
On January 12, 1990, the defendant and the decedent executed a memo of understanding (the "memorandum"), effective January 1, 1990. An exhibit to the memorandum stated that the transaction arose because "(r)elations between John M. Spicer and William C. Spicer, 3rd have changed to a point detrimental to the continued operation and survival of their businesses." In the memorandum the defendant agreed to purchase, and the decedent agreed to sell, the decedent's interest in the partnership and corporation. The memorandum set forth the terms of the sale, including the sale price, the interest rate, payment schedule and post-sale insurance provisions.
After the execution of the memorandum, the decedent withdrew CT Page 11682 from the management of the partnership and corporation and the defendant commenced making payments scheduled in accordance with the memorandum. The decedent died on April 30, 1991. Shortly thereafter the defendant stopped making payments to the estate.
On June 24, 1992, the plaintiff, the widow of the decedent and the executrix of his estate, filed a petition for an order to appoint an arbitrator and for an order to proceed to arbitration pursuant to General Statutes § 52-411 and General Statutes § 52-410, respectively.
The court's previous decision granted the plaintiff's petition and the arbitration which ensured pursuant to the court's decision is the basis for the motions now before the court.
The defendant claims that the arbitrator made errors, which pursuant to § 52-419, require that the award be modified or corrected in order that the award conform to the submission of the parties.
The court's authority with respect to the defendant's claim is strictly limited as indicated in Garrity v. McCarthy,223 Conn. 1, 4 (1992), as follows:
 When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. (Citations omitted.)
In the present case, the submission to the arbitrator was made pursuant to the arbitration clause contained in the agreement, which stated that if "there is any disagreement between the Owners hereto as to the value of the businesses, or in any other matter connected with this Agreement, it shall be CT Page 11683 settled by arbitration." This is an unrestricted submission to arbitration because it contained "no express language restricting the breath of issues, reserving explicit rights or conditioning the award on a court review." Id., at 5.
The arbitrators award may only be modified or corrected under § 52-419(a) if the court finds any of the following defects:
 (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy. (Emphasis added.)
The defendant claims that the arbitration award should be modified or corrected in five respects.
First, the defendant requests the court to modify the decision of the arbitrator to include a deduction for the remaining one-half of the value of the Inner Marina and Sparkle Lake Tree Farm properties, which were not transferred to the defendant as required by the memorandum, "so that the defendant may receive the full value of his bargain." The Inner Marina and Sparkle Lake Tree Farm properties were specifically excepted from an order made by the arbitrator that the plaintiff deliver to the defendant all deeds, assignments and such other documents "as may be required to transfer the interest of the Estate of John Spicer to William C. Spicer, III in the real estate owned jointly by John M. Spicer and William C. Spicer, III." The arbitrator excepted the decedent's interest in such properties, even though they were included in the memorandum, because they were not owned by John M. Spicer and William C. Spicer, III. The arbitrator deducted from the purchase price one-half of the full value of such properties in order to credit the defendant for the value of the decedent's one-half interest in such properties which the defendant did not acquire under the arbitration award and the deduction of the value of an additional half-interest is completely unwarranted.
Second, the defendant alternatively requests that the court CT Page 11684 order the plaintiff to release all current and future interests that the decedent and his heirs may obtain in the Inner Marina and Sparkle Lake Tree Farm as of January 12, 1990. Since the arbitrator deducted the value of the decedent's one-half interest in such properties from the purchase price, the release of such interests is similarly completely unwarranted.
Third, the defendant requests that the court order the plaintiff to transfer any future or expectancy interest the decedent and his heirs may have had as of the date of execution of the memorandum in the property known as 916 Shennecossett Road, Groton, Connecticut. Although the memorandum indicates that the purchase and sale covers the decedent's "50% interest in all real and personal property and the business, customer lists and all rights to the assets and business known as Spicers Marina and Spicers, Inc. for $4,400,000," the exhibit attached to the memorandum states "[f]urther including any interest William C. Spicer 3rd may have or acquire as beneficiary of the estate of William Caroll Spicer, in the house and property at 916 Shennecossett Road." The arbitrator chose to resolve the conflict between the two documents by excluding the non-business property at 916 Shennecossett Road from the sale of the business and did not deduct one-half of the value of any such future or expectancy interest from the purchase price. Under the unrestricted submission to the arbitrator, the arbitrator had the authority to do so.
Moreover, there is no indication in the record that such interest had any value or that evidence as to the value of such interest was offered to the arbitrator. "(T)he burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it;" Costello Construction Corp. v. TeamstersLocal 559, 167 Conn. 315, 320 (1994); "and only upon a showing that it falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement will the determination of an arbitrator be subject to judicial inquiry." (Internal quotation marks omitted.) Fraund v. DesignIdeas. Inc., 17 Conn. App. 280, 283-4 (1989). The defendant has failed to meet his burden of producing evidence to invalidate the arbitrator's decision with reference to the 916 Shennecossett Road property.
Fourth, the defendant requests the court to modify the arbitrator's decision by deducting therefrom the sum of $197,111.78 awarded as interest since the properties have not CT Page 11685 been transferred to the defendant. The arbitrator's award of interest to the plaintiff is within the arbitrator's authority, particularly in view of the defendant's objection to the plaintiff's request to submit this matter to arbitration as required by the agreement and the defendant's unsuccessful appeal of the court's order to the defendant to proceed to arbitration.
The defendant finally requests the court to modify the arbitrator's decision so as to make it conform to the submissions of the parties by ordering that the terms and conditions of the memorandum be implemented with an appropriate reduction in the payment schedule contained therein proportionate to the reduction in the purchase price as determined by the arbitrator. The arbitrator's failure to reduce the payment schedule proportionate to the reduction in the purchase price as determined by the arbitrator is within the discretion accorded to the arbitrator under the unrestricted submission of this matter to the arbitrator.
For the reasons stated above, the court grants the plaintiff's motion to confirm arbitration award and denies the defendant's motion for modification and correction of arbitration award.
Handel, J.
EXHIBIT A
NO. 52 33 39
NANCY SPICER, EXECUTRIX, ESTATE OF JOHN M. SPICER : SUPERIOR COURT :
vs. : J. D. OF NEW LONDON : AT NEW LONDON WILLIAM C. SPICER, III : MARCH 31, 1995
ARBITRATION AWARD
The undersigned Arbitrator hereby finds as follows:
A. The Respondent shall pay to the Claimant the total sum of $2,837,606.13. Said sum is comprised of the following elements: CT Page 11686
 Price pursuant to Memorandum of Understanding $4,400,000.00
Less
 Bayberry Lane credit 107,030.00 Sparkle Lake Tree Farm (1/2) 406,000.00 Inner Maina (1/2) (without equipment) 875,000.00 Jupiter Point Credit 100,000.00 Tent Credit 1,612.00 Mausoleum payments 5,800.00 Coastal Bank guaranty 2,203.05 Ski Loft merchandise 3,802.20 1990 Payments to John Spicer 181,052.65 ------------- Subtotal $2,717,499.60
Plus
 Interest 1/12/90 — 12/31/90 at 7 1/2% $ 197,111.78
Less
 1991 Payments to John Spicer and 77,005.25 Estate of John Spicer ------------- $2,837,606.13
B. Claimant shall deliver to Respondent all deeds, stock certificates, Bills of Sale, assignments and such other documents as may be required to transfer the interest of the Estate of John Spicer to William C. Spicer, III in the interests of the business partnership, corporations and real estate owned jointly by John M. Spicer and William C. Spicer, III. It is specifically intended that the above described interests cover all items mentioned in Exhibit "A" to the Memorandum of Understanding, and excepting herefrom the real property known as the Inner Marina and the Sparkle Lake Tree Farm which were not owned by John M. Spicer and William C. Spicer, III.
C. There is no award of punitive damages.
Dated at Norwich, Connecticut this 31st day of March, 1995.
Mark E. Block CT Page 11687 Arbitrator