[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO CORRECT ARBITRATIONAWARD AND APPLICATION TO CONFIRM ARBITRATION AWARD
The present proceeding arises out of a contract between the various parties concerning the practice of medicine. A contract was executed as of August 3, 1993, governing the various relationships between the parties. The defendant withdrew from the practice and disputes arose between the parties. The matter was submitted to arbitration.
The arbitrator issued finding and award. The plaintiffs to delete so much of that award as awards funds to the defendant in the sum of $10,666.72 for rental of equipment in which the defendant has an interest from February 29, 1996 through June 30, 1997 as well as that portion of the order that provides for a monthly rental to be paid to the defendant of $666.67 beginning on July 1, 1997. In all other respects, the plaintiffs seek to have the award confirmed, and the defendant has filed an application seeking confirmation of the award as issued.
The plaintiffs claim that during the arbitration hearing, which consumed several days, counsel for the respective parties and the arbitrator entered a the stipulation that the arbitrator would first render a decision on the defendant's entitlement to a one-quarter interest in certain personal property and, if the issue were decided in the favor of the defendant, the parties would attempt to agree on the value of the jointly owned personal property or, failing a agreement, the parties would produce appraisal witnesses to testify as to the fair market value of the personal property. The plaintiffs, therefore, claim that the arbitrator in deciding the issue exceeded the restricted submission of the parties and did not provide the plaintiffs with an opportunity to produce relevant witnesses.
The defendant argues that the plaintiffs were taking the position at the hearing before the arbitrator that the defendant had forfeited his entire interest in the personal property. The defendant further argues that there was a stipulation that if the arbitrator found in favor of the defendant on the issue of ownership of the personal property and also found that the were required to buy out the defendant's one-quarter interest, then further evidence would be produced. The therefore, claims that the stipulation was not applicable to a situation where the arbitrator determined the rental value of the property owed by the plaintiffs to the defendant. The defendant also asserts there was evidence in the record providing a basis for the arbitrator to make his ruling with respect to the rental payments. CT Page 10510
General Statutes § 52-419, under which the plaintiffs are proceeding, provides as follows:
 "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides, or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) if there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not effecting the merits of the controversy.
 (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."
The agreement between the parties provides, in paragraph 16, as follows:
"SETTLEMENT AND ARBITRATION
 Unless otherwise provided herein, any dispute or controversy arising under this Agreement shall be determined and settled by arbitration under the rules of the American Arbitration Association. The arbitration award shall be final and binding and judgment on the award may be entered by any Court having competent jurisdiction."
Prior to the evidentiary hearings held by the arbitrator, findings, statements of issues and orders were forwarded by the American Arbitration Association to the attorneys for the respective parties. That document includes the statement that "(THE) issue concerning this tangible personal property is how much, if anything, is Counter Claimant entitled to receive for CT Page 10511 the use of his undivided one-quarter share of such property after February 29, 1996."
Given the language of the arbitration agreement itself and the statement contained in the statement of issues issued by the arbitrator prior to the evidentiary hearing, the issue of whether the claimant had any rights with respect to personal property and what compensation he should receive for those rights, if any, was a matter clearly within the power of the arbitrator to decide.
The court is hampered in the determination of the issues presented because no transcript of the proceedings, embodying the claimed stipulation, has been submitted to the court nor has either attorney testified. It is doubtful an arbitrator cannot narrow the scope of the submission at the urging of only one party, Wolfe v. Gould 10 Conn. APP 292, 297 (1987), and the award issued by the arbitrator reports to be a, "full and final settlement of any and all claims submitted to this Arbitration."
The plaintiffs did present witnesses who testified with respect to various objections that may have been made during the course of the arbitration and the rulings thereon, but none of that testimony clearly establishes that a stipulation was made and agreed to by both attorneys and the arbitrator.
"Arbitration is favored by courts as a means of settling differences and expediting the resolution of disputes. . . . There is no question that arbitration awards are generally upheld and that we give great deference to an arbitrator's decision since arbitration is favored as a means of settling disputes. . . . . The party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties agreement will the determination of the arbitrator be subject to judicial inquiry. . . . . It is axiomatic in this jurisdiction that any challenge to an award based on General Statutes §52-418(a)(4), on the ground that the Arbitrator exceeded his powers . . . . is limited to a comparison of the award with the submission." Fraund v. Design Ideas, Inc., 17 Conn. App. 280,283-284 (1989). (Citations and internal quotation marks omitted.)
It is the plaintiffs who bear the burden to produce facts sufficient to invalidate the arbitration award. On the basis of CT Page 10512 the evidence submitted, the court cannot conclude that there was a binding agreement with respect to the conduct of the hearings that was agreed to by both counsel and the arbitrator and that the agreement was not followed to the prejudice of the plaintiffs. Accordingly, the application to correct the award is denied and the application to confirm the award is granted.
Rush, J.